UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HUBERT F. HEBRANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV-O1-PT-0429-E |
| ) | |
| SHEILA CHRISTAFHE, aka: ) | |
| RONALD BRAKEFIELD, MARTHA ) | |
| LANGSTON, THOMAS M. OWENS, ) | |
| JR., ) | |
| Defendants. | |

## MEMORANDUM OPINION

This cause comes to be heard upon defendants Sheila Christafhe, Ronald Brakefield, Martha Langston and Thomas Owens, Jr.'s ("defendants") Motion to Dismiss, filed on February 20, 2001.

### RULE 12(b)(6) STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. United States v. Gaubert, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. Brower v. County of Inyo, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989). Usually, a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that will entitle him to relief. In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996).

1

## FACTS

Pro se plaintiff Hubert F. Hebrank ("plaintiff") brought this action in the Circuit Court for the Counties of Clay and Coosa, Alabama, against the defendant employees of the Internal Revenue Service, for filing, in public records, Notices of Federal Tax Liens against him for unpaid federal income taxes. The defendant removed the action to this court on February 16, 2001. In his prayer for relief, the plaintiff seeks an injunction and order discharging the tax debts and canceling the liens for those debts.

## ARGUMENT

The defendants argue that because their duties include filing Federal Tax Lien Notices in the public records, the plaintiff, by bringing this action against them for the performance of their duties, is actually suing the United States Government, citing Hawaii v. Gordon, 373 U.S. 57, 58 (1963) and Louisiana v. McAdoo, 234 U.S. 627, 632 (1914). They assert that, by virtue of the relief sought, the judgment would impermissibly "expend itself on the public treasury or domain, or interfere with the public administration," and would "restrain the Government from acting, or [compel] it to act," citing Dugan v. Rank, 372 U.S. 609, 620 (1963). The defendants contend that, because the United States has not waived its sovereign immunity, this suit should be dismissed.

The defendants further claim that this case is one of a group of cases recently filed, en mass, in state courts, with an unstated goal of "interference with the orderly collection processes of the Internal Revenue Service and diversion of federal resources . . . ." They note that, although the Secretary of the Treasury is required to release a federal tax lien under certain circumstances, the complaint does not allege the facts necessary to support a duty to release the lien on the plaintiff's property. Finally, they argue that the plaintiff's request for an injunction

2

requiring a discharge of the plaintiff's debt is frivolous because the Anti-Injunction Act does not allow suits "for the purpose of restraining the assessment or collection of any tax . . . in any court by any person . . . ." 26 U.S.C. § 7421(a), and because the suit in the instant case does not fall into any of the exceptions.[1] The defendants maintain that the proper way for the plaintiff to challenge what he believes to be an incorrect tax assessment or improperly filed tax lien is to pay the taxes and then file a refund suit, citing Bob Jones University v. Simon, 416 U.S. 725 (1974); Leves v. IRS, 796 F.2d 1433, 1435 (11th Cir. 1986); Hobson v. Fischbeck, 758 F.2d 579, 581 (11th Cir. 1985).

The court notes that the plaintiff has not responded to the defendant's motion.

*The action is dismissed.*

**DONE** and **ORDERED** this 4th day of April 2001.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] The exceptions to this broad prohibition are found in Enochs v. Williams Packing Navigation Co., 370 U.S. 1, 7 (1962). They are: 1) It is clear, based on the information available to the Government at the time of suit, that under no circumstances could the real party in interest, the Government, prevail, and 2) Equity jurisdiction otherwise exists because there is no adequate remedy at law.

3